# CASES

### DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## MARCH TERM, 1927

:

---

17303. CENTRAL OF GEORGIA RAILWAY CO. *v.* COUNCIL BROTHERS.

BROYLES, C. J. 1. The petition as amended was not subject to any ground of the demurrer interposed, and the overruling of the demurrer was not error.

2. The court did not err in sustaining the plaintiff's exceptions of law, numbered 1 and 11, to the auditor's report, or in overruling all the exceptions of law (except exceptions numbered 6 and 7) taken by the defendant to the auditor's report; the exceptions numbered 6 and 7 having been sustained.

3. "Where by the terms of its bill of lading the initial carrier agreed to transport a car of peaches from a point in this State to a point in another State, the transportation to be made over its own lines and those of connecting carriers, the shipper, if the owner, had the right, as an incident to the contract of carriage, before the shipment reached the point of destination named in the bill of lading, to direct the terminal connecting carrier to divert the shipment to another place upon its lines; and if such terminal carrier failed to divert the shipment as directed by the shipper, in consequence of which the peaches were damaged, the initial carrier would be liable to the shipper for such damages, although no notice of the requested diversion was given to the initial carrier. Under the Carmack amendment to the interstate-commerce act, as amended by the Cummins act, any common carrier subject to the provisions of said act, receiving goods for transportation from a point in this State to a point in another State, is required to issue a receipt or bill of lading therefor, and is liable to the lawful holder thereof for any damage to such property caused by it or by any com-

Carriers, 10 C. J. p. 108, n. 82; p. 111, n. 14; p. 112, n. 18; p. 525, n. 18; p. 526, n. 42 New; p. 541, n. 56 New; p. 561, n. 90 New.

mon carrier to which such property may be delivered or over whose line or lines it may pass within the United States,' when transported on a through bill· of lading; and no contract, receipt, rule, regulation, or other limitation of any character whatsoever shall exempt such initial carrier from such liability. A rule of the initial carrier, which stipulated that it would not be liable for a failure to divert any shipment, where the shipment had passed beyond its own lines of railway, unless such failure was caused· by the negligence of its own employees, was void and illegal under the said Carmack amendment, notwithstanding its approval by the Interstate Commerce Commission." *Central of Georgia Ry. Co.* v. *Council,* 163 *Ga.* 494 (136 S. E. 418), decided by the Supreme Court in answer to a certified question by this court.

4. A common carrier is bound to use extraordinary diligence in transporting goods accepted by it. In case of loss or damage of such goods the presumption of law is against the carrier, and no excuse will avail it unless the loss or damage was caused by the act of God or the public enemies of the State. Civil Code (1910), § 2712. The act of God means any act produced by physical causes which are inevitable. In other words, unavoidable accidents are the same as the acts of God. *Fish* v. *Chapman,* 2 *Ga.* 349 (3) (46 Am. D. 393).

5. In the instant case the plaintiff proved damage to the shipments, and the defendant carrier failed to show that the damage was occasioned by the act of God, or by the public enemies of the State.

6. The verdict was authorized by the evidence, and none of the grounds of the motion for a new trial require another hearing of the case.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 8, 1927.

Damages; from city court of Americus—Judge Harper.   March 22, 1926.

Application for certiorari was made to the Supreme Court.

*H. A. Wilkinson,* for plaintiff in error.

*James A. & John A. Fort,* contra.